IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| BOBBY LEE SCOTT and ) | |
| BECKY RENEE SCOTT, ) | |
| ) | CASE NO. BK11-82851-TLS |
| Debtor(s). ) | A12-8013-TLS |
| FIRST NEBRASKA EDUCATORS ) | |
| CREDIT UNION, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| BOBBY LEE SCOTT and ) | |
| BECKY RENEE SCOTT, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 17). No resistance was filed. Justin A. Roberts represents the plaintiff. The debtors represent themselves. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

First Nebraska Educators Credit Union filed this adversary proceeding to determine the dischargeability of a debt owed to it for the deficiency existing after the sale of surrendered collateral. The credit union claims the debt should be excepted from discharge under 11 U.S.C. § 523(a)(2)(B) because the debtors materially misrepresented their financial condition on a loan application submitted to the credit union. The credit union now moves for summary judgment. The debtors are unrepresented by legal counsel and have not responded to the motion.

The motion is granted.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)) (internal marks omitted).

To except a debt from discharge under 11 U.S.C. § 523(a)(2)(B), the creditor must prove, by a preponderance of the evidence, that the debtor obtained money by (1) use of a statement in writing that was materially false; (2) that pertained to his or his business's financial condition; (3) on which the plaintiff reasonably relied; and (4) that the debtor made with the intent to deceive the plaintiff. *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005); *Northland Nat'l Bank v. Lindsey (In re Lindsey)*, 443 B.R. 808, 813 (B.A.P. 8th Cir. 2011).

A financial statement is materially false if it "paints a substantially untruthful picture of a debtor's financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *Wallander v. Wallander (In re Wallander)*, 324 B.R. 746, 752 (Bankr. N.D. Iowa 2005) (quoting *Burbank v. Capelli (In re Capelli)*, 261 B.R. 81, 90 (Bankr. D. Conn. 2001)); *Capital City Bank & Trust v. Kroh (In re Kroh)*, 88 B.R. 987, 994 (Bankr. W.D. Mo. 1988) (stating that a financial statement is materially false if it, as a whole, falsely represents the debtor's overall financial condition or contains major omissions); *Lindsey*, 443 B.R. at 813; *Southeast Nebraska Coop. Corp. v. Schnuelle (In re Schnuelle)*, 441 B.R. 616, 623 (B.A.P. 8th Cir. 2011).

Reasonable reliance is determined by looking at the totality of the circumstances. *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 610 (8th Cir. 1997). The court may consider if there were any "red flags" that would have alerted the creditor to the possibility that the financial statement was not accurate and whether minimal investigation would have revealed the inaccuracy. *Id.* (citing *Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257, 261 (5th Cir. 1993) (en banc)).

For discharge to be barred, the debtor must have acted with intent to deceive. An intent to deceive does not mean that the debtors acted with a "malignant heart." *Agribank, FCB v. Webb (In re Webb)*, 256 B.R. 292, 297 (Bankr. E.D. Ark. 2000)). A creditor may establish such intent by proving reckless indifference to or reckless disregard of the accuracy of the information in a debtor's financial statement. *Fairfax State Sav. Bank v. McCleary (In re McCleary)*, 284 B.R. 876, 888 (Bankr. N.D. Iowa 2002). Factors to consider include whether the debtor was intelligent and experienced in financial matters, and whether there was a clear pattern of purposeful conduct. *Id.* (citations omitted). Once the creditor establishes that the debtor had actual knowledge of the false statement, the debtor cannot overcome the inference of the intent to deceive with unsupported assertions of honest intent. *Heritage Bank of St. Joseph v. Bohr (In re Bohr)*, 271 B.R. 162, 169 (Bankr. W.D. Mo. 2001).

In this case, the Scotts had an existing borrowing relationship with First Nebraska Educators Credit Union. On October 4, 2010, they met with a loan officer and completed a consumer loan application in order to refinance a loan balance of $13,325.87. The application listed assets consisting primarily of a pickup truck, with less than $100.00 of additional assets in the form of deposit accounts. The assets totaled $11,660.18. The debtors also listed four outstanding debts, totaling $14,879.87, on the application. The largest of those debts was approximately $13,000.00 owed to the credit union. The credit union approved the loan on the same day and the parties executed a consumer loan agreement for $13,396.87. Approximately five months later, the Scotts voluntarily surrendered the pickup truck to the credit union because they were unable to afford the payments on it. The vehicle was sold, leaving a deficiency balance of $4,379.75, plus interest.

The Scotts filed their Chapter 7 bankruptcy petition on November 15, 2011. The credit union reviewed the debtors' schedules and conducted discovery and concluded that the Scotts had significantly more liabilities than they disclosed on their loan application, which precipitated the filing of this dischargeability action. The debtors' discovery responses reveal 15 additional debts, totaling approximately $23,000.00, that they neglected to include on their loan application. This information was excluded from the application despite the application's instructions to list "all of the loans or debts you presently owe," and the debtors' certification that all information provided in the application was true and correct and their warranty that "the financial obligations [we] disclosed in this application and in support of this application are complete and that [we] have no other outstanding financial obligations of any kind[.]" Ex. A to the complaint, at 2 (Fil. No. 1).

The loan officer and the credit union's vice president of lending both supplied affidavits stating that the loan would not have been made had the credit union been aware of the additional debt. The loan officer indicated he relied on the Scotts' statements in the application and had no reason to scrutinize the representations made because the parties had a long-standing relationship and the Scotts had previously paid as agreed on their other loans from the credit union.

On this record, the credit union has met its burden under § 523(a)(2)(B). The loan application was a written statement regarding the debtors' financial condition. The failure to list some $23,000.00 in debts was more than a mere oversight; it was a calculated effort to induce the credit union to make the loan. The credit union reasonably relied on the representations in the application. When a financial statement is inaccurate on its face, and the creditor has knowledge of the inaccuracies, any reliance by the creditor on the financial statement is unreasonable. *R & R Ready Mix, Inc. v. Freier (In re Freier)*, 402 B.R. 891, 899 (B.A.P. 8th Cir. 2009). However, that is not the case here. The credit union was comfortable with the apparent fact that the debtors had less than $2,000.00 in outstanding debt beyond what was owed to the credit union, and it had no reason to question the contents of the application. The debtors have not come forward with any evidence to demonstrate the existence of a factual dispute, so summary judgment will be granted to the credit union.

IT IS ORDERED: First Nebraska Educators Credit Union's motion for summary judgment (Fil. No. 17) is granted. Separate judgment will be entered.

DATED: May 31, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Bobby L. & Becky R. Scott
    *Justin A. Roberts
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.